UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 06-CR-0148(1) (PJS) |
| Plaintiff, | |
| v. | ORDER |
| DERRICK LAMONT BROWN, | |
| Defendant. | |

Deidre Y. Aanstad, UNITED STATES ATTORNEY'S OFFICE, for plaintiff.

Derrick Lamont Brown, pro se.

Defendant Derrick Lamont Brown pleaded guilty to conspiracy to distribute cocaine base and was sentenced to a 180-month term of imprisonment. Brown's sentence has since been reduced twice pursuant to 18 U.S.C. § 3582(c)(2). First, on July 24, 2008, Brown's sentence was reduced to 144 months after guideline amendments 706 and 711 lowered the applicable sentencing-guidelines range for Brown's offense. ECF No. 373. Second, on November 23, 2011, Brown's sentence was reduced to 135 months after guideline amendment 750 further lowered the applicable sentencing-guidelines range for Brown's offense. ECF No. 433. Brown, acting pro se, now requests that the Court reduce his sentence a third time under § 3582(c)(2).[1]

---

[1] Confusingly, Brown also contends that his sentence should be reduced because he entered into a plea agreement with the government for a specific sentence of 151 months pursuant to Fed. R. Crim. P. 11(c)(1)(C). According to Brown, the Court was required to sentence him to 151 months when it accepted the plea agreement. Brown is simply mistaken. Brown's plea agreement was not submitted to the Court for approval pursuant to Rule 11(c)(1)(C); to the contrary, the plea agreement explicitly provides that its terms "do *not* bind the Court." ECF No. 144 ¶ 6 (emphasis added). In any event, Brown's sentence has already been reduced to 135 months — that is, to a term that is 16 months *below* the term to which Brown now claims he is entitled under Rule 11(c)(1)(C).

Under § 3582(c)(2), the Court may modify a term of imprisonment imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," but only to the extent that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." One such policy statement provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." U.S.S.G. § 1B1.10(b)(2)(A). The sentence of 135 months imposed on Brown in November 2011 was "the minimum of the amended guideline range" of 135 to 168 months, based on Brown's offense level of 32 and his criminal-history category of II. *See* ECF No. 433. The Sentencing Commission has not subsequently lowered that guidelines range. Therefore, § 3582(c)(2) does not authorize the Court to reduce Brown's sentence again — this time below the applicable guidelines range. *See also Dillon v. United States*, 130 S. Ct. 2683, 2691-92 (2010); *United States v. Starks*, 551 F.3d 839, 842-43 (8th Cir. 2009). Accordingly, Brown's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, defendant Derrick Lamont Brown's motion for resentencing [ECF No. 473] is DENIED.

Dated: August 12, 2013        s/Patrick J. Schiltz
                              Patrick J. Schiltz
                              United States District Judge